**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEVON ELTON GUMBS,

    Plaintiff,

vs.                                                                   CASE NO. 3:12-cv-275-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]
_____

**<u>ORDER AND OPINION</u>**

This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated June 6, 2012 (Doc. 12). The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number). For the reasons set out herein, the Commissioner's decision is **REVERSED** and the case is **REMANDED** for additional proceedings.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning August 11, 2006 (Tr. 159-68). Plaintiff's applications were denied initially and upon reconsideration (Tr. 103-16). Plaintiff requested an administrative hearing, which was held on November 9, 2010 (Tr. 36-93). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on January 20, 2011 (Tr. 15-28). Plaintiff filed a request for review, which the Appeals Council denied on January 13, 2012 (Tr. 1-3). Plaintiff filed the instant action on March 12, 2012 (Doc. 1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). First, if a claimant is engaging in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities,

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition. As the regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from performing his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(g). A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through June 30, 2008 (Tr. 20). At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 11, 2006, the alleged onset date. *Id.* At step two, the ALJ found Plaintiff suffered from the severe impairments of head trauma and a cognitive disorder. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 22). At step four, the ALJ found Plaintiff had the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) with the following limitations:

> [T]he claimant can only frequently climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. The claimant can only occasionally climb ladders, ropes, or scaffolds. He is able to understand, remember, and carry out simple, routine, repetitive tasks and concentrate and persist for two-hour segments. The claimant is limited to work with occasional interaction with the public, coworkers, and a supervisor. He is not able to meet fast-paced, high production demands.

(Tr. 23). Considering this RFC, the ALJ found that Plaintiff was unable to perform any past relevant work (Tr. 26). At step five, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including carcass washer, cleaner II, industrial cleaner, bone picker and kitchen helper (Tr. 27). Therefore, the ALJ found that Plaintiff was not under a disability from August 11, 2006 through the date of his decision (Tr. 28).

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole,

taking into account evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. Although the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### IV. Analysis

Plaintiff raises several arguments on appeal. First, Plaintiff argues the ALJ failed to properly weigh the medical evidence and improperly relied upon opinions of non-examining

and consulting sources over those of Plaintiff's treating psychiatrist. Second, Plaintiff argues the ALJ failed to properly evaluate his credibility. Third, Plaintiff argues the ALJ relied upon flawed vocational expert testimony. Fourth, Plaintiff argues the Appeals Council failed to consider new evidence.

Upon review and consideration of the ALJ's decision and the record evidence, the Court finds the ALJ erred in evaluating the medical opinion evidence and, as a result, the ALJ's RFC assessment and step four and five findings are not supported by substantial evidence. As the Court has determined this case is due to be remanded for further proceedings, it is unnecessary to address the other issues raised by Plaintiff. *See Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand).

The ALJ must base his RFC assessment on "*all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184 at *5 (S.S.A. 1996) (emphasis added); *see also Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations). Social Security Ruling 96-8p further provides, "The adjudicator must consider all allegations of physical and mental limitations or restrictions." *Id.*

The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences.

*Lewis v. Callahan*, 125 F.3d at 1440. An ALJ must consider and evaluate every medical opinion received. 20 C.F.R. § 404.1527. Additionally, in assessing the medical evidence, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Thus, while it is true the determination of disability under the Social Security Act is reserved to the Commissioner, the ALJ is nevertheless required to consider and explain the weight given to opinions of medical doctors. *See McCloud v. Barnhart*, 166 Fed. Appx. 410, 419 (11th Cir. 2006)[3] (remanding where ALJ did not explain weight given to consulting psychologist's report or the reasons for discrediting his opinion). Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. Pursuant to the regulations, the weight an ALJ must give medical opinions varies according to the relationship between the medical professional and the claimant. 20 C.F.R. § 404.1527(c); SSR 96–6p. "The opinions of examining physicians are generally given more weight than non-examining physicians; treating physicians receive more weight than nontreating physicians; and specialists on issues within their areas of expertise receive more weight than non-specialists." *Preston v. Astrue,* No. 2:09–cv–0485–SRW, 2010 WL 2465530, at *6 (M.D. Ala. June 15, 2010).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the

---

[3] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

7

ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2). If the treating physician's opinion is not entitled to controlling weight, the case law and the Regulations require the ALJ to give substantial weight to the opinion, unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1527(c). The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). When a treating physician's opinion does not warrant controlling weight, the ALJ must weigh the opinion based on: (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; and (6) other factors which tend to support or contradict the opinion. *Sullivan v. Astrue*, No. 3:09-cv-411-J-JBT, 2010 WL 3729811, at *6 (M.D. Fla. Sept. 17, 2010); 20 C.F.R. § 404.1527(c); *see also* SSR 96-2p, 1996 WL 374188 (S.S.A. Jul. 2, 1996) ("Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CMR 404.1527 and 416.927.").

An ALJ must clearly articulate his reasons for electing to disregard the opinion of a treating physician. *Phillips,* 357 F.3d at 1241. "Where the ALJ articulated specific reasons

for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court cannot "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 300 Fed. Appx. 741, 743 (11th Cir. 2008) (per curiam) (citations omitted). However, when discrediting the opinion of a treating physician, the ALJ must explicitly set forth the rationale for doing so and the failure to do so is reversible error. *Lewis,*125 F.3d at 1440. "Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show that an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion." *Kale v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). Furthermore, the opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir.1988); *see also Sharfarz*, 825 F.2d at 279 ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."); *Spencer ex. rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985) ("[R]eports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision.").

In the instant case, the ALJ stated he gave "limited weight" to the opinions of Dr. Joycelyn Vanterpool because: (1) "she is the claimant's aunt and her conclusions are viewed cautiously"; (2) she "made no contemporaneous treatment records despite an alleged four-year treating relationship with the claimant"; and (3) "other treatment records,

including those with a Global Assessment Functioning rating of 58, are not consistent with his aunt's findings" (Tr. 26).

Plaintiff argues the ALJ improperly relied upon the opinions from the consultative psychologists and non-examining sources over Dr. Vanterpool, Plaintiff's treating psychiatrist. Plaintiff argues the ALJ erred by entirely rejecting her opinions with little discussion of the relevant evidence. Plaintiff argues there is no evidence that Dr. Vanterpool is biased in favor of Plaintiff simply because she is his aunt. Further, Plaintiff argues the ALJ placed undue emphasis upon a GAF score to discredit Dr. Vanterpool's opinion.

It is not clear from the ALJ's decision that he considered Dr. Vanterpool's opinions as those of a treating physician. The ALJ's reference to her "alleged four-year treating relationship with the claimant" suggests he doubted Dr. Vanterpool's status as Plaintiff's treating psychiatrist. The Commissioner concedes Dr. Vanterpool is a treating physician, but argues the ALJ properly discounted her opinions.

A treating physician is a medical professional "able to provide a detailed, longitudinal picture" of the claimant's medical impairments and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Lewis*, 125 F.3d at 1440. The regulations further define a treating physician as someone

> who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with [a physician] when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical conditions.

*Freeman v. Astrue*, 441 Fed. Appx. 571, 574 n.2 (10th Cir. 2011) (quoting 20 C.F.R. §§ 404.1502, 416.902) (alteration in original). Generally, two or more visits with a doctor will qualify that doctor as a treating physician; however, the nature of the relationship is nevertheless of some importance. *See Blades v. Astrue*, No. 3:09-CV-430-J-34MCR, 2010 WL 3490215, at *11 (M.D. Fla. Aug. 5, 2010) (finding that a treating relationship existed where doctor visited claimant at least three times); *Morrison v. Astrue*, No. 08:-80886-CIV, WL 3295113, at *21-23 (S.D. Fla. Oct. 13, 2009) (finding doctors to be treating physicians and putting emphasis on the nature of the relationship in one case); *Cronon v. Barnhart*, 244 Fed. Supp. 2d 1286, 1293 n.1 (N.D. Ala. 2003) (seeing claimant three times and conducting tests that no other doctor performed qualified doctor as a treating physician).

Here, Plaintiff testified he talks to Dr. Vanterpool on the phone two to three times a week (Tr. 24-25). In her report, Dr. Vanterpool indicated she has weekly phone contact with Plaintiff (Tr. 605). Additionally, Dr. Vanterpool prescribes Plaintiff medication. The evidence in the record establishes Dr. Vanterpool has an ongoing treatment relationship with Plaintiff and is his treating psychiatrist. Thus, her opinion is entitled to controlling or substantial weight unless properly discounted.

The Court finds the three reasons provided by the ALJ do not provide good cause to discount Dr. Vanterpool's opinion. The ALJ stated he viewed Dr. Vanterpool's opinions "cautiously" because she is Plaintiff's aunt. While an ALJ may consider evidence of bias, here the ALJ's suggestion that Dr. Vanterpool is biased is not supported by the record and amounts to little more than conjecture and speculation. Dr. Vanterpool's opinion appears to be based on her knowledge of Plaintiff's medical history, their weekly talks on the phone, and her experience in her specialty. Her familial relationship with the Plaintiff does not

11

provide good cause to discount her opinion, which is based on her relationship with Plaintiff as his treating psychiatrist. It is improper for the ALJ to discount a treating physician's opinion based upon an assumption of bias. *See Shuren v. Comm'r of Soc. Sec.*, No. 6:11-cv-1191-Orl-GJK, 2012 WL 4194665, at *10 (M.D. Fla. Sept. 19, 2012) ("In regard to the ALJ's musings about an inherent possibility for sympathy bias in the doctor-patient relationship, that notion is sheer speculation and is contrary to well-established law requiring that a treating physician's opinion be given substantial weight absent clearly articulated good cause for a contrary finding."); *Anderson-Wilson v. Astrue*, No. 1:11-cv-57-WCS, 2012 WL 161763, at *13 (N.D. Fla. Jan. 18, 2012) (treating physician's sympathy for patient and desire to alleviate suffering does not detract from a physician's credibility); *McCants v. Astrue*, 493 F.Supp.2d 1217, 1231 (S.D. Ala. 2007) (ALJ's suggestion that treating physician's findings were based on sympathy was not supported by record and amounted to "little more than conjecture and speculation").

The ALJ also placed undue emphasis on the lack of contemporaneous treatment records. Dr. Vanterpool's reports identified her diagnoses, prognosis, clinical findings, laboratory and diagnostic test results, Plaintiff's symptoms, and his functional limitations. Thus, Dr. Vanterpool's reports provided the basis for her opinion. The ALJ merely noted the absence of treatment notes in the record without explanation of how such factored into his analysis of the proper weight to be given to Dr. Vanterpool's opinion. It appears the ALJ considered the lack of treatment records to undermine Dr. Vanterpool's assertion that she had been treating Plaintiff for four years. However, as discussed above, there is nothing in the record to contradict Dr. Vanterpool's statements as to the nature and extent of her treating relationship with Plaintiff. Accordingly, the lack of contemporaneous treatment

records, standing alone, does not provide good cause to discount Dr. Vanterpool's opinion. *See Soto-Cedeno v. Astrue*, 380 Fed. Appx. 1, 2010 WL 2573086, at *3 (1st Cir. 2010) (holding the absence of treatment notes did not justify rejection of treating psychiatrist's opinion where report explained basis for his opinion); *Hamilton v. Astrue*, No. CV 11-7851-JSL(E), 2012 WL 3217850, (C.D. Cal. Aug. 7, 2012) (ALJ erred in presuming non-existence of treatment records and failing to contract treating psychiatrist)*; Stupp v. Astrue*, No. 3:07-cv-00008, 2008 WL 496061, at * 4 (S.D. Ohio Feb. 21, 2008) ("The Regulations doe not mandate the conclusion that a treating psychiatrist's [opinion] must be rejected due to lack of treatment notes. Instead, their opinions must be evaluated under the treating physician rule and other regulatory factors.").

Finally, the ALJ stated "other treatment records, including those with a Global Assessment Functioning rating of 58" were inconsistent with Dr. Vanterpool's findings. However, the ALJ failed to identify with specificity which "other treatment records" contradicted Dr. Vanterpool's opinion. It is not clear if the ALJ found Dr. Vanterpool's report to be internally inconsistent or inconsistent with the reports of other physicians. In her report, Dr. Vanterpool noted Plaintiff's current GAF was 58 and his lowest GAF in the past year was 55 (Tr. 605). The Global Assessment of Functioning Scale ("GAF") was designed by mental health clinicians to rate the psychological, social and occupational functioning of an individual on a mental health scale of 0-100. A GAF of 51-60 is defined as manifesting "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers and co-workers)." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, 34 (4th ed., American Psychiatric Assoc. 2000) (hereinafter

DSM-IV). Even if Dr. Vanterpool's assigned GAF was inconsistent with her overall findings, a single inconsistent statement does not provide good cause to reject the detailed opinion of a treating physician. *See Hill v. Astrue*, No. 1:09CV77-SRW, 2010 WL 3724502, at *12 (M.D. Ala. Sept. 14, 2010) (noting a treating physician's assigned GAF score "would not be sufficient, standing alone, to discredit his opinion"). Further, the Eleventh Circuit has stated that the Commissioner "has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs,' and has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.'" *Wind v. Barnhart*, 133 Fed. Appx. 684, 692 n.5 (11th Cir. 2005) (citing 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)). The ALJ should not have discounted Dr. Vanterpool's opinions on the basis of one assigned GAF score. To the extent the ALJ found Dr. Vanterpool's opinion to be inconsistent with other records, he failed to identify with specificity which "other treatment records" contradicted Dr. Vanterpool's findings. *See Kale v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) ("Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show that an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion."); *Stroman v. Astrue*, 08-22881-CV, 2009 WL 3669640, at *3 (S.D. Fla. Nov. 4, 2009) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ noted "opinion was contrary to other medical evidence, but did not specify what that evidence was," and noted "opinion was inconsistent with her treatment notes but did not specify how that was the case"); *Paltan v. Comm'r of Soc. Sec.,* No. 6:07CV932-ORL-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [treating physician's] opinion was

'inconsistent with the medical evidence' renders review impossible and remand is required."); *Poplardo v. Astrue,* 3:06-CV-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ found opinion was inconsistent with other evidence of record and unsupported by medical evidence but failed to substantiate findings by reference to specific evidence).

For the reasons discussed above, the Court finds the ALJ did not properly discount Dr. Vanterpool's opinions and erred in assigning greater weight to the non-treating medical consultants. Accordingly, the Court finds the ALJ failed to properly evaluate the medical opinion evidence, and as such, the ALJ's decision is not supported by substantial evidence. In making this determination, the Court has declined, as it must, to re-weigh the evidence in search of support for the ALJ's decision. *Bloodsworth*, 703 F.2d at 1239; *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, [the court] will decline to affirm simply because some rationale might have supported the ALJ's conclusion." (internal quotations omitted)).

On remand, the ALJ shall reconsider all of the opinion evidence, including Plaintiff's treating psychiatrist, taking care to specify the weight accorded to the opinions and to clearly articulate his reasons should he find the treating psychiatrist's opinion to be entitled to less than controlling weight. Further, the ALJ should identify specific evidence that supports his reasons for accepting or rejecting such opinions. Upon reconsideration of all medical opinions found in the record, the ALJ shall reassess Plaintiff's residual functional capacity. Of course, on remand, the Commissioner shall evaluate Plaintiff in accordance

with the applicable Regulations and prevailing case law. The additional proceedings should include, but are not limited to: re-assessment of the severity of all of Plaintiff's medically terminable impairments; reconsideration of whether Plaintiff's impairments, in combination, meet or equal a listing; reconsideration of Plaintiff's testimony and other evidence of record; reassessment of Plaintiff's RFC; and, if warranted, vocational expert testimony.

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[1]

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the

---

[1] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the date the Commissioner issues a "Notice of Award" letter to the Plaintiff/claimant to award disability benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.

findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of September, 2013.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record